

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| KARLA K. ALLSBERRY, | ) | No. ED110744 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Lincoln County |
| vs. | ) | 20L6-CC00031 |
| | ) | |
| JUDGE PATRICK S. FLYNN, IN HIS | ) | Honorable Jon E. Beetem |
| INDIVIDUAL CAPACITY, | ) | |
| | ) | |
| Appellant. | ) | Filed: March 7, 2023 |

### OPINION

Judge Patrick S. Flynn, in his individual capacity (Judge Flynn) appeals from the

judgment of the trial court finding him in contempt. The appeal is dismissed for lack of a final,

appealable judgment.

### BACKGROUND

Karla K. Allsberry (Allsberry), was the elected clerk of the Circuit Court of Lincoln

County, Missouri (circuit court). In a May 19, 2019 letter, Judge Flynn, the presiding judge of

the circuit court, informed Allsberry that pursuant to Section 478.240 RSMo (2016),[1] she was

being temporarily placed on administrative leave as a result of her conduct. He further stated she

was no longer permitted to enter the Justice Center or represent the circuit court in her official

---

[1] All further statutory references are to RSMo (2016).

capacity. Cessation of the administrative leave was dependent upon her voluntary resignation from office. Allsberry filed a petition seeking a temporary restraining order, preliminary restraining order, and permanent injunction, restoring her to the office, enjoining Judge Flynn from barring her from the courthouse, and ordering Judge Flynn to remove her from administrative leave. She also sought a judgment declaring that Judge Flynn did not have authority to place her on administrative leave, bar her from the courthouse, or prohibit her from performing her duties as clerk.

The trial court entered judgment on February 8, 2021, finding in favor of Allsberry on her claim for declaratory judgment, declaring that Section 478.240 did not authorize Judge Flynn to order the suspension of an elected circuit court clerk. The trial court denied Allsberry's request for injunctive relief, finding it did not have the authority to issue an injunction. Judge Flynn appealed the February 8, 2021 declaratory judgment and Allsberry filed a cross-appeal contesting the trial court's finding it did not have authority to issue an injunction. The Missouri Supreme Court affirmed the judgment in favor of Allsberry on her declaratory judgment, agreeing that Judge Flynn did not have the authority to order her suspension because it constituted a de facto removal from elected office. *Allsberry v. Flynn*, 628 S.W.3d 392, 398 (Mo. banc 2021). However, the Court reversed the judgment denying injunctive relief, finding the trial court erred in concluding it did not have the power to order such relief solely because the defendant was another circuit judge. *Id*. at 399. Following the mandate from the Supreme Court, Allsberry filed a motion for permanent injunction against Judge Flynn in accordance with the Supreme Court's decision.

On October 6, 2021, the trial court granted judgment in Allsberry's favor and restored her as circuit clerk. The court also enjoined Judge Flynn from preventing her from performing her

2

duties and barring her from entering the courthouse. Judge Flynn did not appeal this judgment. By November 23, 2021, Allsberry filed the first of four motions seeking an order directing Judge Flynn to show cause why he should not be held in contempt for violating the October 6, 2021 judgment. Her second motion specifically cited Judge Flynn's March 4, 2022 administrative order alleging that Allsberry had created a hostile work environment and directed employees to utilize Justice Center security in response to her conduct. Allsberry argued this interfered with her ability to perform her duties as clerk. Judge Flynn filed a response to Allsberry's first motion and a motion to dismiss or in the alternative strike the second, third, and fourth motions. He also filed a motion to modify the permanent injunction, arguing it did not specifically advise him what conduct was prohibited. He claimed it was necessary for the court to void or modify the portion of the judgment at issue "to avoid unjust or absurd results."

On June 22, 2022, the trial court entered a judgment of contempt (contempt judgment). The court denied Judge Flynn's motion to modify. The court initially noted that no appeal was taken from the October 6, 2021 permanent injunction. With respect to Judge Flynn's substantive arguments, the court concluded any "unjust or absurd results are the result of the conduct of the parties." The court found Judge Flynn's argument that the language of the injunction was not sufficiently specific or definite was "disingenuous." The court held Judge Flynn in contempt for "issuing an administrative order threatening the use of Building Security against the elected Circuit Clerk." The judgment permitted Judge Flynn to purge himself of contempt by "rescinding those provisions of his administrative order which refer to building security and notifying all parties to whom the order was submitted." If Judge Flynn failed to do so within ten days, the contempt judgment imposed a per diem fine of $100 for every day he remained in contempt.

3

On July 8, 2022, Judge Flynn filed the instant appeal. He also filed a motion to stay the judgment of contempt and toll the accumulation of the fines, which was denied on July 15, 2022. On the same day our Court denied his motion, Judge Flynn issued an order rescinding the relevant portions of his March 4, 2022 order regarding Justice Center security and filed a certificate of service stating the proper parties had been notified. Allsberry filed two motions to dismiss this appeal which were taken with the case. She argues we are without jurisdiction to consider an appeal of the contempt judgment because it is not a final, appealable judgment, and because Judge Flynn has purged himself of contempt. We agree and dismiss the appeal.

## DISCUSSION

Judge Flynn asserts three points on appeal alleging substantive claims of error regarding the trial court's contempt judgment and denial of his motion to modify the October 6, 2021 injunction. In his first point, he claims the trial court erred in denying his motion to modify paragraph two of the injunction, which permanently enjoined him from preventing Allsberry from performing her duties as circuit clerk, because the trial court exceeded the mandate of the Supreme Court by including relief not requested by Allsberry. In his second point on appeal, Judge Flynn claims the trial court erred in finding him in contempt of the same paragraph because the language is vague and unenforceable. In his third and final point, Judge Flynn contends the trial court erred in finding him in contempt because there was no substantial evidence to support the court's findings.

### _Analysis_

As an initial matter, we must address Allsberry's motions to dismiss and determine whether we have jurisdiction to consider this appeal. In her first motion, Allsberry argues the judgment is not final and appealable because she had not yet executed on the daily fine assessed

4

against Judge Flynn for his continued contempt, and in her second motion she claims he has purged himself of contempt rendering the appeal moot. Civil contempt is a remedial action, which is used to enforce an order in a previous adjudication of the parties' claims. *Union Hill Homes Ass'n, Inc. v. RET Dev. Corp.*, 83 S.W.3d 87, 92 (Mo. App. W.D. 2002). It is used to compel compliance with relief granted in such an adjudication. *Emmons v. Emmons*, 310 S.W.3d 718, 722 (Mo. App. W.D. 2010). It is appealable, but must be final to be appealed. *Id*. A final judgment is a prerequisite to appellate jurisdiction. *Metheney v. Metheney*, 589 S.W.3d 725, 728 (Mo. App. E.D. 2019). If the contempt judgment is not final, we lack jurisdiction and must dismiss the appeal. *Id*.

A party found to be in civil contempt essentially has two options. *Emmons*, 310 S.W.3d at 722. First, the contemnor may purge himself of the contempt by complying with the order or judgment, rendering the case moot and unappealable. *Id*. Second, the contemnor can appeal the judgment of contempt, but only once the judgment is final. *Id*. A judgment of civil contempt is not considered to be final and appealable until it is enforced. *Id*. "When a per diem fine is ordered as the method to coerce the compliance of a party found in civil contempt, the judgment of contempt is deemed enforced when the party asking for contempt enforces the fine by executing thereon." *Union Hill Homes Ass'n, Inc.*, 83 S.W.3d at 92 (internal citations omitted).

Here, Judge Flynn purged himself of contempt by rescinding the relevant portions of the March 4, 2022 administrative order referring to Justice Center security, but he failed to do so within the ten days required by the contempt judgment. The contempt judgment contained a provision for a fine of $100 for every day Judge Flynn remained in contempt to coerce his compliance. However, it did not contain any mechanism for enforcement nor was it self-executing. Allsberry subsequently filed a new motion on July 18, 2022, alleging Judge Flynn

5

was in contempt for a total of sixteen days and seeking judgment in the amount of $1,600.00 for the daily fines incurred.[2]

In conclusion, we find the contempt judgment in this matter was rendered moot and unappealable when Judge Flynn purged himself of the contempt as ordered in the judgment. *Union Hill Homes Ass'n, Inc.*, 83 S.W.3d at 92. Moreover, it is not final for purposes of appeal because the contempt judgment does not enforce the per diem fine and remained interlocutory. *Id*. Thus, we are without jurisdiction to consider Judge Flynn's points on appeal, and the case is dismissed.

### CONCLUSION

The appeal is dismissed for lack of appellate jurisdiction.

_____
Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J. and
Renée D. Hardin-Tammons, J., concur.

---

[2] The record in the instant appeal of the June 22, 2022 contempt judgment has been supplemented with the subsequent trial proceedings on Allsberry's July 18, 2022 motion. The supplemental record reflects that the trial court issued its order and judgment on January 30, 2023, declining to assess any fine as contemplated by the contempt judgment. Judge Flynn filed a separate notice of appeal on February 2, 2023.